# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK TYRELL BLACK, Petitioner, v. TIM VIRGA, Warden, Respondent. | 1:11-cv-02089 MJS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 13] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 10-11.)

**I. BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, upon pleading no contest to attempted murder, first degree robbery by force, and assault with a firearm. (See

LD No. 1.[1]) On September 15, 2004, Petitioner was sentenced to serve a determinate term of twenty two years in prison. (Id.) Petitioner did not appeal his conviction.

Starting in November 2006, Petitioner filed seven post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Merced County Superior Court
Filed: November 2, 2006[2];
Denied: February 16, 2007;

2. Merced County Superior Court
Filed: September 12, 2007[3];
Denied: December 14, 2007;

3. California Court of Appeal, Fifth Appellate District
Filed: January 17, 2008[4];
Denied: February 19, 2008;

4. California Supreme Court
Filed: April 9, 2008[5];
Denied: September 17, 2008;

5. California Court of Appeal, Fifth Appellate District
Filed: January 11, 2011[6];
Denied: March 25, 2011;

6. Merced County Superior Court

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on November 9, 2007, pursuant to the mailbox rule the Court considers the petition filed on November 2, 2007, the date Petitioner signed the petition.

[3] Although the petition was filed on October 1, 2007, under the mailbox rule the Court will consider the petition filed on September 12, 2007, the date Petitioner signed the petition.

[4] Although the petition was filed on January 26, 2008, under the mailbox rule the Court will consider the petition filed on January 17, 2008, the date Petitioner signed the petition.

[5] Although the petition was filed on April 14, 2008, under the mailbox rule the Court will consider the petition filed on April 9, 2008, the date Petitioner signed the petition.

[6] Although the petition was filed on January 25, 2011, under the mailbox rule the Court will consider the petition filed on January 11, 2011, the date Petitioner signed the petition.

Filed: April 27, 2011[7];
Denied: June 3, 2011;

7. California Supreme Court
Filed: June 16, 2011[8];
Denied: November 2, 2011;

See LD Nos. 2-16.

On November 28, 2011[9], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On February 21, 2011, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed an opposition to the motion on March 8, 2011 and Respondent filed a reply to the opposition on March 15, 2011.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss

---

[7] Although the petition was filed on May 18, 2011, under the mailbox rule the Court will consider the petition filed on April 27, 2011, the date Petitioner signed the petition.

[8] Although the petition was filed on June 21, 2011, under the mailbox rule the Court will consider the petition filed on June 16, 2011, the date Petitioner signed the petition.

[9] Although Petitioner's federal petition was filed on December 8, 2011, under the mailbox rule the Court will consider the petition filed on November 28, 2011, the date Petitioner signed the petition.

after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 28, 2011, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

> pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal his September 15, 2004 sentence. Accordingly, his conviction became final 60 days later on November 14, 2004. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on November 15, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from November 15, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until November 28, 2011, over six years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C. Later Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(C)**

Petitioner contends that he is entitled to a later commencement date based on the Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). 28 U.S.C. § 2244(d)(1)(C) allows for commencement of the limitations period based on the date on which a constitutional right is recognized and made retroactively applicable to cases on collateral review. Cunningham did not announce a new rule of constitutional law. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). In Butler, the Ninth Circuit found that the Cunningham decision merely applied the rule announced in Blakely:

> Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)], Blakely [v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)], and [United States v.] Booker [, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)] made "courts through the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review.

> Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F.3d at 639. Therefore, because Cunningham did not announce a new rule, Petitioner is not entitled to a later commencement date under 28 U.S.C. § 2244(d)(1)(C).

Furthermore, Petitioner's reliance on In re Gomez, 45 Cal. 4th 650, 88 Cal. Rptr. 3d 177, 199 P.3d 574 (2009), in support of his argument is misplaced. In Gomez, the California Supreme Court also found that Cunningham did not announce a new constitutional right. In re Gomez, 45 Cal.4th at 656-657. The California Supreme Court held that Cunningham applies on collateral review to a judgment that became final before Cunningham was decided but after Blakely was decided. However, this is the same holding as the Ninth Circuit's in Butler. In re Gomez, Cal. 4th at 660, n.8 ("The United States Court of Appeals for the Ninth Circuit has come to the same conclusion we reach." (citing Butler, 528 F.3d at 634-639)). Thus, Petitioner's reliance on In re Gomez to render the current Petition timely is misplaced. Petitioner is not entitled to the earlier commencement of the statute of limitations period.

**D. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on November 15, 2004. Petitioner failed to file any post-conviction collateral actions and the statute of limitations expired on November 14, 2005. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on November 15, 2004, and expired on November 14, 2005. The present petition was filed on November 28, 2011, over six years after the expiration of the year statute of limitations period. Accordingly, the instant federal petition is untimely.

**E. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner claims he is entitled to equitable tolling based on his placement in administrative segregation and prison lockdowns.

1. Placement in Administrative Segregation

Petitioner claims that he was unable to timely file his petition due to his placement in administrative segregation and resulting lack of access to his legal files. Placement in administrative segregation is not extraordinary and do not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). However, the Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide a basis for equitable tolling. Id. (a complete lack of access to a legal file may constitute an extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations period). Here, Petitioner only

asserts that the prison law library paging system made it more difficult to research his case. Petitioner has not asserted that he did not have copies to his legal files or access to legal documents and his equitable tolling claim lacks merit.

2. Limited Access to Law Library

Petitioner also claims that prison lockdowns interfered with his access to the law library. Such circumstances are not extraordinary and do not warrant equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Moreover, Petitioner does not identify any specific times when he was denied access to the library or indicate how lockdowns prevented him from filing the instant petition during the limitations period. His vague attribution of delayed filings to lockdowns are insufficient and do not justify equitable tolling.

## III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). While Petitioner is entitled to the benefit of statutory tolling, the petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, Respondent's motion to dismiss shall be granted.

///

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 13) is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely; and

3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: July 14, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE